# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEBRA JEAN EYERLY, also known as Debra Martin-Pryce

Defendant -Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-809-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Debra Jean Eyerly challenges the sentences imposed as a result of her guilty-plea convictions for conspiring to produce child pornography, aiding and abetting its production, and its transportation and possession. Although the applicable advisory Guidelines-sentencing range was limited to the statutory maximum of 1,800 months' imprisonment, which Eyerly does not dispute, the district court sentenced her below that range to 300 months.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-20150

Post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard; nevertheless, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Eyerly claims procedural error and maintains her sentence is substantively unreasonable.

For the claimed procedural error, Eyerly asserts the court imposed improperly a four-level increase pursuant to Guideline § 2G2.1(b)(2)(B) (enhancement for offense involving commission of a sexual act).  This claim need not be considered because removing the adjustment would not affect the applicable sentencing range; therefore, the error, if any, would be harmless.  *See, e.g.*, *United States v. Chon*, 713 F.3d 812, 822 n.7 (5th Cir.), *cert. denied*, 134 S. Ct. 255 (2013).

Regarding the claimed substantively-unreasonable sentence, Eyerly asserts that, in considering the 18 U.S.C. § 3553(a) factors, the court did not adequately account for, *inter alia*, her history of sexual abuse and alcoholism.  When sentencing a defendant, the district court must consider, *inter alia*, the nature and circumstances of the offense; defendant's history and characteristics; the seriousness of the offense; and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.  18 U.S.C. § 3553(a).  The substantive reasonableness of a sentence is determined "by considering the totality of the circumstances, granting deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors".  *United States v. McElwee*, 646 F.3d 328, 337

2

(5th Cir. 2011) (citation and internal quotation marks omitted).  For obvious reasons, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant".  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citation omitted).

The record reflects the court listened to, and adequately considered, Eyerly's contentions regarding a lesser sentence, but found the 300-month sentence appropriate.  *See United States v. Rodriguez*, 523 F.3d 519, 525–26 (5th Cir. 2008).  We find no reason to disturb the court's exercise of discretion. *See, e.g.*, *Campos-Maldonado*, 531 F.3d at 339.

AFFIRMED.